Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KOBY DON WILLIAMS, <br><br> Defendant. | 2:23-CR-024-RMP <br><br> United States' Response Opposing Defendant's Motion for Reconsideration of Order of Detention |

Plaintiff, the United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, hereby responds to and opposes Defendant's motion for reconsideration of detention, ECF No. 22. Defendant's Motion fails to conform to U.S. Magistrate Judge Goeke's Order at ECF No. 15 and presents no material, newly discovered circumstances warranting reversal of Judge Goeke's Order of detention.

United States' Response Opposing
Defendant's Motion for Reconsideration

1

# I. Procedural History

Defendant Koby Don Williams ("Defendant") is currently charged by indictment with Attempted Online Enticement (involving a minor victim targeted for prostitution and/or sexual activity in violation of state law), in violation of 18 U.S.C. § 2422(b). ECF Nos. 1, 15. This charge carries a mandatory minimum term of incarceration of 10 years. Defendant appeared on the indictment on March 14, 2023, at which time a detention hearing was held. ECF No. 15. The hearing lasted approximately 45 minutes, with both parties proffering facts in support of their respective positions. ECF No. 10. Judge Goeke took the matter of detention under advisement, ultimately issuing a written Order detaining Defendant. ECF No. 15.

Notably, Judge Goeke's Order also dictated the procedure which a party must follow if seeing reconsideration of conditions of release: the party "shall file a two-page motion for reconsideration succinctly stating what circumstances are new (and material), how they are established, and the requested change in condition of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested." ECF No. 15 at 7. Without fully conforming to these requirements, Defendant now seeks release from this Court on the grounds that his placement in solitary confinement (presumably for his safety due to Defendant's previous employment as a supervisor with DHS-ICE) is "further complicating Defendant's depression symptoms" and that he is not receiving

United States' Response Opposing
Defendant's Motion for Reconsideration

certain prescribed medications while in custody. ECF No. 22 at 2. He does not offer a release plan different than that which was before Judge Goeke.

## II. Facts Underlying the Charges

Defendant was caught in an undercover law enforcement operation meant to identify individuals interested in and willing to meet with minors for sex. On July 23, 2022, Othello PD posted an ad on craigslist:

> WARNING IN MOSES (Moses Lake) WARNING!!! DONT contact "Rebecca" (fivezero9#416^%6seven28) i met up with her last night in Moses thinking she was 19. SHE IS NOT!! She is 13 year old Prostitute dont get caught up in this guys i ran as soon as i saw her. BE CAREFUL fivezero941 667twoeight

A similar ad was posted on other websites. An undercover phone number and email was used.

Less than two hours after the ad was posted, an undercover law enforcement officer ("UC") received a message from 509-728-8092. The person identified themselves as "Troy" and said he got the number from a friend. A check of the phone number came back to a Kelly Hummel and subscriber Koby Williams.

A chat between Defendant and the UC ensued over the next three days, during which Defendant and the UC discussed the UC's age – 13 years old; the UC's rates: $500 per half hour, $800 per hour, and $2500 for overnight; Defendant's employment as a "cop;" and arrangements to meet the UC at a hotel. *See* Exhibit 1, attached and incorporated herein. It was clear that Defendant was discussing the trade of sexual acts

United States' Response Opposing
Defendant's Motion for Reconsideration

3

for money; for example: "For 1800 I would really like to take a weekend, spend time with you, sex obviously." Exhibit 1 at 10. Defendant told the UC she was "hot" and a "unicorn." Exhibit 1 at 7. The UC gave Defendant opportunities to back out of meeting her, but Defendant "can't quit thinking about [her]" and continued to plan his meeting her for sex. Exhibit 1 at 13. When Defendant told the UC he was a "cop," he told her, "I will loose [sic] my job by doing this, but I'm not afraid. You know if I make the transaction and proposal, that you are in the clear. These transactions are hard for a cop that's not looking to arrest anyone. . . . Cops need people like you. I know how to make the transaction safe on your part." Exhibit 1 at 9. Defendant also spoke with the UC by telephone and told the UC during one of the calls that she would not get arrested because she was 13, that cops like having sex, and that he wanted to see her so bad.

When Defendant arrived at the designated hotel room, he was arrested. Defendant immediately stated something about working human trafficking. He had his ICE badge and duty weapon on his person, and he had arrived in his duty vehicle. After being advised of his rights pursuant to *Miranda*, Defendant explained that his agency – Department of Homeland Security – investigates human trafficking. However, Defendant admitted that he was not working an undercover assignment, nor was there an op plan, or even knowledge by his agency that he was at the hotel. In his vehicle, law enforcement agents found over $4,000, including 18 100-dollar bills (matching a negotiated price with the UC), two bottles of vodka, and several prescription bottles of

United States' Response Opposing
Defendant's Motion for Reconsideration

4

pills.

In a recorded jail call, Defendant told his wife he was working a "lead," that he didn't have a single dollar on him, that he did not do a deconfliction notice," and that what he was doing was part of a "DEA" "firearms" case. The DEA and ATF have confirmed that no firearms lead was forwarded to Defendant.

### III.     Applicable Law

The Bail Reform Act governs detention of a defendant pending trial and provides that a person should be released pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Where, as the Grand Jury found here, there is probable cause to believe that the Defendant attempted to meet up with a minor for sex, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Although the statutory presumption of detention shifts the burden of production to the defendant, the burden of persuasion remains with the government. *See, e.g. United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

It is important to note that "the presumption is not erased when a defendant proffers evidence to rebut it; rather, the *presumption remains* in the case as an evidentiary finding mitigating against release, to be weighed along with other evidence

United States' Response Opposing
Defendant's Motion for Reconsideration

5

relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (citing *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (involving drug trafficking)) (emphasis added); *United States v. Mesher*, 707 F.Supp. 1224, 1225 (D. Or. 1989) (even if the defendant offers some evidence in rebuttal, the presumption of flight does not disappear, but rather "retains evidentiary weight—the amount depending on how closely defendant's case resembles the congressional paradigm"); *United States v. Martir*, 782 F.2d 1141, 1144-45 (2d Cir. 1986) (holding that even after a defendant rebuts the presumption, the court must continue to give the presumption weight in deciding whether the defendant should be detained pending trial).

**IV.     The Defendant Has Not Overcome the Presumption of Detention**

The government respectfully maintains the Defendant has not submitted sufficient evidence to rebut the presumption of detention in this case. Judge Goeke found otherwise and considered the presumption among the other § 3142(g) factors. ECF No. 15 at 4.

**V.     The 18 U.S.C. § 3142(g) All Factors Support Detention**

The factors outlined in 18 U.S.C. § 3142(g) weigh in favor of Defendant's detention. As the Ninth Circuit has noted, the presumption of detention remains an "evidentiary finding mitigating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See e.g., Hir*, 517 F.3d at 1086.

The Court is required to consider, *inter alia*: the nature and circumstances of the

United States' Response Opposing
Defendant's Motion for Reconsideration

6

offense charged, the weight of the evidence against the person, the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); 18 U.S.C. § 3142(g).

1. **The Nature and Circumstances of the Offenses Charged, Including Whether the Offense is a Crime of Violence or Involves a Minor Victim.**

Defendant has been charged with a serious crime of violence involving children. *See* 18 U.S.C. § 3156(a)(4)(C) ("crime of violence means–any felony under chapter . . . 110"). The nature and circumstances of the offense charged are notably serious. The evidence proffered by the United States demonstrates Defendant has a sexual interest in minor children, has an interest in and has collected child pornography for years, and has sexually assaulted two minor children. Defendant has admitted the same. This factor plainly favors detention.

2. **Weight of the Evidence.**

The weight of the evidence against the Defendant is overwhelming. The words in the documented chat speak for themselves, supplemented by Defendant own

United States' Response Opposing
Defendant's Motion for Reconsideration

7

inconsistent statements, and his phone calls with the UC.

While case law dictates that this prong is the "least important" factor, the Court must "consider the evidence in terms of the likelihood that [Defendant] will pose a danger" as well as whether the evidence is strong and the penalties sufficient to cause Defendant to flee. *Hir*, 517 F.3d at 1090. This factor favors detention.

### 3. Nature and Seriousness of Danger to the Community or Any Person Posed by the Defendant's Release.

The nature and seriousness of the danger posed to children by the Defendant's release also supports detention. Given the circumstances surrounding the charged offenses, it is clear that Defendant poses a significant risk to the community. Through his actions and his own words, Defendant has demonstrated his willingness to exploit a minor as young as 13. He was willing to risk his job, as he told the UC, and by extension, his liberty. *See United States v. Salerno*, 481 U.S. 739 (1987) (detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity); *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir.1990) (observing that release conditions contained "an Achilles' heel ... [where] virtually all of them hinge on the defendant's good faith compliance"). This factor also supports detention.

### 4. Characteristics of the Defendant.

As discussed before Judge Goeke, Defendant has substance abuse and mental health issues. His depression in custody is not new or unexpected. The government

United States' Response Opposing
Defendant's Motion for Reconsideration

8

intends to proffer additional information on this topic as needed at the detention review hearing. The timing of Defendant's motion and the scheduled hearing prohibit lengthy recitation herein of what was presented previously.

Defendant also has a credibility problem, as presented to Judge Goeke. Again, the government intends to proffer additional information on this topic at the scheduled detention review hearing.

### 5. <u>Even Strict Release Conditions are Not Sufficient.</u>

As the Ninth Circuit has taken time to point out, any release conditions contain "an Achilles' heel ... virtually all of them hinge on the defendant's good faith compliance." *Hir*, 517 F.3d at 1092 (internal citations omitted). The Ninth Circuit has also noted that release conditions "can be too easily circumvented or manipulated." *Id.* Defendant targeted a minor victim for sexual purposes and "did so while employed in a position of public trust with law enforcement authority." ECF No. 15 at 6. Judge Goeke was right to conclude, "The risk that Defendant could engage in similar conduct if released is great given Defendant's apparent risk-taking behavior while employed as a law enforcement officer." *Id*.

### VI. <u>Conclusion</u>

Through his actions, Defendant now faces a 10-year mandatory minimum with likely a much higher Guideline sentence suggested. Given the totality of the circumstances here, coupled with the statutory presumption that no conditions of release

United States' Response Opposing
Defendant's Motion for Reconsideration

9

will reasonably assure the safety of the community or another person or that the Defendant will appear, the United States asks the Court to deny Defendant's Motion to Reconsider Judge Goeke's Order detaining Defendant pending trial.

Dated: June 13, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2023, I electronically filed the foregoing with the Clerk of the Court, which will provide notice to defense counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney