FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:23-CR-00024-RMP-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| KOBY DON WILLIAMS, | **ECF No. 22** |
| Defendant. | |

On Wednesday, June 14, 2023, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 22). Defendant was represented by retained counsel Matthew Duggan. Assistant United States Attorney Ann Wick represented the United States.

The Court has considered the Indictment (ECF No. 1), Defendant's Motion to Reopen Detention Hearing (ECF No. 22),[1] the United States' Response (ECF

---

[1] ECF No. 22 was filed as a Memorandum in Support of Motion for Reconsideration of Order of Detention. However, a motion for reconsideration was never filed and, moreover, this Court lacks jurisdiction to review Magistrate Judge James A. Goeke's prior detention Order. Therefore, the Court functionally treats this filing as a motion to

ORDER - 1

1 | No. 25), the Pretrial Services Report (ECF No. 9), and the arguments of counsel.

2 | On March 14, 2023, Magistrate Judge James A. Goeke held a detention
3 | hearing and granted the United States' Motion for Detention (ECF No. 8). ECF
4 | No. 15. Defendant now requests the Court grant his release due to medical
5 | conditions that he claims have been exacerbated by his time in custody,
6 | specifically while in solitary confinement. ECF No. 22.

7 | The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that
8 | statute, a judicial officer shall order that a defendant awaiting trial be (1) "released
9 | on personal recognizance or upon execution of an unsecured appearance bond," (2)
10 | "released on a condition or combination of conditions," or (3) detained pending
11 | trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to
12 | determine "whether any condition or combination of conditions set forth in [§
13 | 3142(c)] will reasonably assure the appearance of such person as required and the
14 | safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial
15 | officer shall order the defendant be detained if the United States shows either (1)
16 | by a preponderance of the evidence that the defendant will not appear as required,
17 | or (2) by clear and convincing evidence that the defendant poses a risk to the safety
18 | of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d
19 |
20 | ―――――――――
reopen detention.

ORDER - 2

1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

Pursuant to 18 U.S.C. § 3142(g), this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

As a preliminary matter, the Court has determined that, while Defendant has made a prima facie showing of some new evidence to support consideration of this

ORDER - 3

Motion in the first instance, Defendant has ultimately failed to demonstrate the new information is material to the issue of detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Defendant's struggles with solitary confinement may constitute information that may not have been known to Defendant at the time of the previous hearing; however, this information does not constitute information that has a material bearing on Defendant's risks of nonappearance and danger to the community. Several facts led to Magistrate Judge Goeke's determination, including

> the Government['s] proffer[] during the hearing that at the time of the alleged offense, Defendant was employed by United States Immigration and Customs Enforcement in a law enforcement capacity and the Government further alleged that Defendant may have utilized his official vehicle during some part of the course of conduct of the offense. This raises significant public trust issues.

ECF No. 15. Defendant is entitled to a presumption of innocence; however, due to the nature of the charges against him, his placement in solitary confinement while in custody is for his own safety, as a result of his previous employment as a law enforcement officer. While there are no doubt adverse effects associated with

ORDER - 4

extended periods of solitary confinement, those effects present a much more favorable outcome than keeping former law enforcement officers with the general population in detention facilities. As to Defendant's allegation that he is not receiving adequate medication while in custody, there are other remedies available to Defendant prior to considering release under the Bail Reform Act. Those remedies are in fact required prerequisites. A Defendant claiming inadequate treatment needs to produce evidence such as medical records supporting the condition and inmate medical request (kites) in the first instance, provide the same to the Government, and allow sufficient time for the Government to respond to the allegations. Defendant's request on these grounds is unripe.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 22**) is **DENIED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the

ORDER - 5

purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is

ORDER - 6

unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

4. If a party desires that another court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

5. Defendant is bound over to Senior Judge Rosanna Malouf Peterson for further proceedings.

**IT IS SO ORDERED.**

DATED June 27, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7