UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KOBY DON WILLIAMS,<br><br>Defendant. | NO: 2:23-CR-0024-TOR<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR ACQUITTAL AND NEW TRIAL |

BEFORE THE COURT are Defendant's Motions for Acquittal and New Trial. ECF Nos. 88 and 89. The Court has reviewed the briefing, record, and files herein, and has considered testimony and exhibits received at trial, and is fully informed.

A jury trial was held in this matter on March 13-14, 2024. Defendant Koby Don Williams was charged by Indictment with Attempted Online Enticement in violation of 18 U.S.C. § 2422. ECF No. 1. The jury returned a guilty verdict.

ORDER DENYING DEFENDANT'S MOTIONS
FOR ACQUITTAL AND NEW TRIAL ~ 1

In the first motion, Defendant moves for acquittal of the charge because he did not entice an individual under the age of 18 to engage in prostitution or any sexual activity.  In the second motion, Defendant requests a new trial because the verdict goes against the weight of the evidence presented to the jury and there was insufficient evidence of enticement.

## DISCUSSION

### A. Motion for Acquittal

First, Defendant complains that the Government has failed to prove that an individual under the age of 18 was enticed.   Defendant was charged with Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b).  Two critical elements of that offense have been ignored by the Defendant.  The third element is that "the defendant believed the individual the defendant attempted to persuade, induce, entice, or coerce was under the age of 18" and the fourth element is that "the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime."

The Ninth Circuit held in *United States v. Meek*, 366 F.3d 705, 717–18 (9th Cir. 2004) the following:

> The question we consider is whether § 2422(b) imposes criminal liability when the defendant believes he is inducing a minor, but the object of his inducement is really an adult. We join our sister circuits in concluding that "an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)." *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002) (holding

ORDER DENYING DEFENDANT'S MOTIONS
FOR ACQUITTAL AND NEW TRIAL ~ 2

1
2
3
4
5

that "belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)"); *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001) (legal impossibility normally not a defense to an attempt to violate § 2422(b)); *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (attempt provision of § 2422(b) constitutional because the restriction "does not infringe on any constitutionally protected rights of adults"), *cert. denied*, 532 U.S. 1009, 121 S.Ct. 1737, 149 L.Ed.2d 661 (2001).

6
7
8
9

Thus, to be convicted of Attempted Online Enticement an actual minor victim is not required. The Government presented overwhelming evidence at trial that the victim repeatedly represented herself as age 13 and Defendant attempted to entice her. Defendant's motion for acquittal is denied.

10
11
12
13

Defendant's second argument is that the verdict of guilty goes against the weight of the evidence because the victim was not under 18 and that the communications to the adult intermediary did not transform or overcome the will of the minor for purposes of engaging in illegal sexual activity.

14
15
16
17
18
19
20

Again, Defendant is severely mistaken. An actual minor victim is not required for conviction of Attempted Online Enticement. Additionally, the purported victim repeatedly represented herself as age 13. Defendant communicated with her for three days, negotiated prices for sex, convinced her that he would meet her at her hotel, and brought two large bottles of vodka, bottles of generic Viagra, and $4,075.00 in U.S. currency to the meeting.

ORDER DENYING DEFENDANT'S MOTIONS
FOR ACQUITTAL AND NEW TRIAL ~ 3

The Government presented overwhelming evidence as to Defendant's intentions and fully proved Attempted Online Enticement in violation of 18 U.S.C. § 2422(b). Defendant's motion for new trial is denied.

**WHEREFORE, IT IS ORDERED:**

1. Defendant's Motion for Acquittal, ECF No. 88, is **DENIED**.

2. Defendant's Motion for New Trial, ECF No. 89, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** June 14, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTIONS
FOR ACQUITTAL AND NEW TRIAL ~ 4