Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**KOBY DON WILLIAMS**<br>Defendant. | Case No.: **23-CR-00024-TOR**<br><br>UNITED STATES' OBJECTION TO PRESENTENCE INVESTIGATION REPORT |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney, for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits the following Objection to the Presentence Investigation Report (PSR), ECF No. 92.

The United States objects to paragraph 34 of the PSR, wherein the PSR omits an adjustment for obstruction of justice, and the calculations thereafter affected by such omission. The United States also objects to paragraphs 47-48, where the PSR categorizes information as "offense behavior not part of relevant conduct." Lastly, the United States obejcts to the omission of an enhancement

UNITED STATES' OBJECTION TO PSR- 1

under U.S.S.G. § 2G1.3(b)(4)(ii), wherein a two-level enhancement applies for Defendant's offense having "involved a commercial sex act."

First, a two-level enhancement for obstruction of justice is warranted where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Committing perjury is among the types of conduct for which the enhancement should be applied. U.S.S.G. § 3C1.1 n. 4(B).

Defendant Williams elected to testify in the jury trial in this case. His testimony was lengthy. Among other things, Defendant asserted that he did not intend to engage in sexual acts with a minor, that he never saw the law enforcement warning posted in this case, that he saw an actual advertisement for "Rebecca" using the unique law enforcement number posted in the warning, that he never believed "Rebecca" was a minor, and so on. In finding Defendant guilty, the jury necessarily had to conclude that Defendant lied about facts material to the crime for which he was convicted. This also means that Defendant committed perjury when testifying in this case. While a defendant has a constitutional right not to testify, and he may elect to testify, he does not enjoy a right to testify falsely. The adjustment for obstruction should be applied.

Next, the information contained in paragraphs 47-48 is relevant conduct as to the offense of conviction. Particularly where the noted conduct demonstrates Defendant's sexual interest in young, exploited teens and underage minors, it is materially related to Defendant's knowing and intentional commission of the crime for which he is convicted. The United States does not contend that the label for this information changes the advisory guidelines calculations.

UNITED STATES' OBJECTION TO PSR- 2

Lastly, U.S.S.G. § 2G1.3(b)(4)(A) requires a two-level enhancement where "subection (a)(3) . . . applies and the offense involved a commercial sex act." Defendant's base offense level is 28, under § 2G1.3(a)(3). PSR ¶ 38. Defendant's crime is attempted online enticement, whereby Defendant communicated with a person he believed to be a minor, for the purposes of enticing that person into a sex act for which he would pay. There was much discussion of payment for sex acts in the documented communications. *See, e.g.*, PSR ¶¶ 17-21. Thus, Defendant's offense involved a commercial sex act, even though he did not ultimately engage in the sought-for transaction.

Dated: July 17, 2024.

Vanessa R. Waldref
United States Attorney

s/ Ann T. Wick
Ann T. Wick
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/ Ann T. Wick<br>
Ann T. Wick<br>
Assistant United States Attorney

UNITED STATES' OBJECTION TO PSR- 4